UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED D. BECK,<br><br>    Plaintiff,<br><br>    v.<br><br>JERRY BROWN, et al.,<br><br>    Defendants. | No. 2:15-cv-1078 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.     Introduction

Plaintiff is a state prisoner at the California Medical Facility[1] proceeding through counsel with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, this court recommends that plaintiff's complaint be dismissed without leave to amend.

II.     Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a

---

[1] Plaintiff's place of incarceration is identified in CDCR's Inmate Locator website. See http://inmatelocator.cdcr.ca.gov/ This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

Although plaintiff is proceeding through counsel, it is the practice of this court to advise prisoners of any deficiencies in their complaints and accord them an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). For the reasons set forth below, this court finds that the deficiencies of plaintiff's complaint cannot be cured by amendment, and therefore recommends that this action be dismissed without leave to file an amended complaint.

2

### III. Allegations of Plaintiff's Complaint

Plaintiff asserts causes of action for intentional infliction of emotional distress and the violation of his constitutional rights based on the following allegations. Plaintiff initially alleges that on September 26, 2010, when he was incarcerated at Avenal State Prison, correctional officers including Officer Robles falsely accused plaintiff of possessing marijuana. Plaintiff states that while working as an inmate porter he refused the officers' request to "ignore the fact that two bindles of marijuana had passed through a visitor and into the prison." ECF No. 1 at 3. In response, the officers accused plaintiff of being in possession of the bindles, allegedly found in plaintiff's socks. Id. at 8 (Ex. A, Rules Violation Report). The charge was referred to the District Attorney, and plaintiff was convicted. Plaintiff alleges that this incident and his conviction caused and continue to cause him "intense emotional distress" and "contributed . . . [t]o a five-year parole denial at his initial hearing." ECF No. 1 at 4. Plaintiff alleges that defendants – Governor Brown, the Wardens of Avenal State Prison and Deuel Vocational Institution, and "Does 1 to 50," identified as "California Correctional Officers and California officials and State employees" – violated their "duty of care" to "protect" plaintiff under the Fourteenth Amendment's Due Process Clause, and intentionally inflicted emotional distress on plaintiff. Id. at 2-5. In relation to this incident, plaintiff seeks "[g]eneral and compensatory damages against all Defendants for causing Plaintiffs (sic) extreme emotional distress." Id. at 6.

Plaintiff next alleges that he was denied reasonable accommodations for his hearing impairment at his August 6, 2014 parole suitability hearing, rendering him unable to hear "many of the questions" and "unable to respond in a clear and intelligent manner to Board inquiries." Id. at 5; see also id. at 9-17 (Ex. B (medical records reflecting plaintiff's hearing impairment)). Plaintiff's counsel requested a new hearing but the Board of Parole Hearings (BPH) denied the request. See id. at 6 and 19 (Ex. C). Plaintiff contends that the alleged failure of the Board to accommodate his hearing impairment violated his rights under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), and California's "Armstrong Remedial Plan," as reached in the class action Armstrong v. Brown, Case No. C 94–2307 CW (N.D. Cal.). Pursuant to this claim, plaintiff seeks "[a]n order requiring the CA Board of Parole Hearings to conduct a

new suitability hearing based on ADA concerns." Id. at 6.

IV. Screening of Plaintiff's Complaint

There are several problems with plaintiff's putative claims, the most fundamental of which are set forth below.

A. Favorable Termination Rule

Plaintiff cannot pursue a damages claim premised on the 2010 incident, because he alleges that the resulting disciplinary action and state court conviction "contributed . . . [t]o a five-year parole denial at his initial hearing." ECF No. 1 at 4.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (fn. omitted); see also Edwards v. Balisok, 520 U.S. 641, 648 (1997) (dismissing Section 1983 action for declaratory relief and money damages because successful challenge to disciplinary hearing would necessarily imply the invalidity of the punishment imposed).

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); cf., Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (favorable termination rule of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the challenged administrative sanction did not impact plaintiff's overall length of confinement "and hence, does not intrude upon the 'heart' of habeas jurisdiction"); accord, Nettles v. Grounds, 830 F.3d 922, 934-35 (2016) (en banc) (if success on the merits of a habeas petitioner's challenged disciplinary proceeding would not necessarily impact the fact or duration

4

of his confinement, his challenge does not fall within "the core of habeas corpus" and may be cognizable under Section 1983).

In the instant case, plaintiff contends that he was denied parole and that he suffered an additional conviction which has extended his term of imprisonment, both as a direct result of the 2010 incident/disciplinary ruling/conviction. Success on his claim of fabricated evidence would necessarily imply the invalidity of the conviction and of the disciplinary finding. Accordingly, Heck and progeny bar plaintiff's damages claims absent a showing that the conviction has been reversed and the disciplinary ruling invalidated. Neither reversal of a conviction, nor invalidation of a disciplinary finding that affects the duration of custody, are remedies that can be obtained in a civil lawsuit.

B.      No Damages Available for Purely Emotional Injury

Under 42 U.S.C. § 1997e(e), a prisoner cannot pursue a damages claim for mental or emotional injury without showing that he suffered more than a *de minimis* physical injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). "[F]or all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623 (9th Cir. 2002). In the instant case, plaintiff does not allege any physical injury as a result of the 2010 incident or subsequent disciplinary or criminal proceedings, and thus his damages claim is precluded by 42 U.S.C. § 1997e(e).

C.      No Cognizable Due Process Claim

Plaintiff alleges that defendants violated their "duty of care" under the Fourteenth Amendment's Due Process Clause to "protect" plaintiff. The putative federal claim does not exist. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." Baker v. McCollan, 443 U.S. 137, 146 (1979). "[T]he claim here is based on the Due Process Clause of the Fourteenth Amendment, which, as we have said many times, does not transform every tort committed by a state actor into

5

a constitutional violation." DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 202 (1989).

Moreover, plaintiff is unable as a matter of law to state a cognizable due process claim against Officer Robles or any other correctional official for the alleged falsification of disciplinary charges. See e.g. Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no constitutional right to be free from wrongfully issued disciplinary reports), aff'd without opinion, 168 F.3d 498 (9th Cir. 1999). Because prisoners do not have a constitutional right to be free from false accusations of misconduct, the falsification of a report cannot give rise to a claim under § 1983. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required by Wolff v. McDonnell[2] are provided.").

### D. Decline of Supplemental Jurisdiction

Absent a cognizable federal claim premised on the 2010 incident and subsequent disciplinary rulings, this court should decline to exercise supplemental jurisdiction over plaintiff's state law claim for intentional infliction of emotional distress. See 28 U.S.C. § 1367(c).

### E. No Cognizable ADA Claim

Plaintiff's putative ADA claim, and effort to obtain injunctive relief in the form of a new parole suitability hearing, are also untenable. As earlier noted, plaintiff alleges that he was denied reasonable accommodations for his hearing impairment at his August 6, 2014 parole suitability

---

[2] See Wolff v. McDonnell, 418 U.S. 539 (1974) (due process requires only that a prisoner receive advance written notice of the charges against him, an opportunity to present testimony and documentary evidence to an impartial decision-maker, and a written explanation for the decision and discipline supported by some evidence in the record).

hearing, rendering him unable to hear "many of the questions" and "unable to respond in a clear and intelligent manner to Board inquiries." ECF No. 1. at 5; <u>see</u> <u>also</u> <u>id.</u> at 9-17 (Ex. B (medical records reflecting plaintiff's hearing impairment)).

Title II of the ADA applies to the administration of state prisons. <u>Pennsylvania Dep't of Corrections v. Yeskey</u>, 524 U.S. 206, 209-10 (1998) (claims against a "public entity" under Title II of ADA may be directed to state correctional systems). To state a cognizable failure-to-accommodate claim under Title II, an individual must allege the following four elements:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

<u>O'Guinn v. Lovelock Correctional Center</u>, 502 F.3d 1056, 1060 (9th Cir. 2007) (citations, punctuation and internal quotation marks omitted); <u>see also</u> <u>Simmons v. Navajo County</u>, 609 F.3d 1011, 1021 (9th Cir. 2010).

Plaintiff's Exhibit C undermines the allegations of his complaint so significantly as to demonstrate he is unable to plausibly allege the third and fourth elements of a Title II claim. The September 5, 2014 letter from BPH Associate Chief Deputy Commissioner Daniel G. Moeller, in response to the request of plaintiff's instant attorney for a new hearing, states in pertinent part, ECF No. 1 at 19 (Ex. C):

> Mr. Beck is requesting a new hearing based on allegations that he was not afforded all his rights under the Americans with Disabilities Act (ADA). Mr. Beck states that he suffers from Valley Fever and is completely deaf in one ear. Mr. Beck alleges that at the time of his hearing, he had not taken his medication and had a hive attack, and that he was not given hearing aid assistance. As a result, he claims that could not adequately respond to the Board's questions [at the August 26, 2014 hearing].
>
> Prior to the hearing, a review of DECS/BPT form 1073 was conducted. Mr. Beck's request for his hearing accommodation was "speak loud and clear." No request for assistance regarding his Valley Fever was made. The Board's ADA Compliance Unit completed a BPT form 1073A acknowledging his request. In addition, the BPT form 1073A listed that an assistive listening device would be available at the hearing. The hearing panel conducted an ADA review at the hearing with you and Mr. Beck.

7

> When asked about Mr. Beck's hearing disability, Mr. Beck stated, "As long as we speak up, we will be just fine." Commissioner Peck further informed Mr. Beck to let the hearing panel know if he was having problems. Also, there was no objection at any time during the hearing regarding Mr. Beck's need for further accommodations.
>
> After a thorough review of the accommodations afforded Mr. Beck at his hearing, it has been determined that Mr. Beck was reasonably accommodated for all of his ADA issues. As such, no further review will be taken by the ADA Compliance Unit.

The recitation of facts in plaintiff's exhibit directly contradicts his allegation that his "hearing impairment was not addressed" at the parole suitability hearing. ECF No. 1 at 5. The exhibit also undermines plaintiff's conclusory allegation that he was denied "a reasonable accommodation." ECF No. 1 at 5-6. The latter allegation, standing alone, is insufficient to state a cognizable ADA claim. The statement of the claim in the complaint fails to specify what reasonable accommodation was requested and denied. If the court infers that plaintiff means to allege he was denied the use of an assisted listening device, the claim is flatly refuted by Exhibit C. In light of the facts presented in the complaint and its attachments, it is clear that plaintiff is unable to state any cognizable ADA challenge to his parole suitability hearing.

### F. No Cognizable Claim Under Armstrong

Plaintiff's reliance on Armstrong, ECF No. 1 at 5, is misplaced. Armstrong is a class action according permanent injunctive relief to the "certified class of all present and future California state prison inmates and parolees with disabilities [who] sued California state officials in their official capacities, seeking injunctive relief for violations of the RA and the ADA in state prisons." Armstrong v. Wilson, 124 F.3d 1019, 1021 (9th Cir. 1997), cert. denied, 524 U.S. 937 (1998). Based on his hearing impairment, plaintiff is a member of the class to which Armstrong applies. Accordingly, plaintiff cannot maintain a separate, individual suit for systemic equitable relief on matters addressed by the Armstrong remedial plan. Frost v. Symington, 197 F.3d 348, 358-359 (9th Cir. 1999). Although plaintiff may pursue an independent claim for injunctive relief based solely on his individual treatment, see Pride v. Correa, 719 F.3d 1130, 1137 (9th Cir. 2013), such claim would not be made pursuant to Armstrong. Plaintiff's attempt to state a cognizable

////

claim for injunctive relief premised on his own hearing impairment fails for the reasons set forth above.

### G. Limited Judicial Authority to Order New Parole Suitability Hearing

Federal courts may order a new parole suitability hearing only under very limited circumstances that are not present here. See Swarthout v. Cooke, 562 U.S. 216, 219-20 (2011) (federal courts may not intervene in a BPH decision if minimum procedural protections were provided, i.e., an opportunity to be heard and a statement of the reasons why parole was denied).

### H. Improper Defendants

Finally, the complaint fails to articulate the alleged roles of the individual defendants: Governor Brown, the Wardens of Avenal State Prison and Deuel Vocational Institution, and "Does 1 to 50." A civil rights complaint must allege an actual connection or link between the conduct of specific defendants and plaintiff's alleged constitutional deprivations. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).

Moreover, the Governor and wardens, as well as the BPH commissioners, are state officers entitled to Eleventh Amendment immunity from damages suits for conduct in their official capacities. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). State agencies and state officers acting in their official capacities are immune from damages suits under the Eleventh Amendment. See Atascadero State

Hospital v. Scanlon, 473 U.S. 234, 237-38 (1985) (Eleventh Amendment bars suits against states in federal court).

In contrast, a claim may be made against a state agency under Title II of the ADA. See United States v. Georgia, 546 U.S. 151, 159 (2006) (Title II of the ADA is a valid abrogation of state sovereign immunity); 42 U.S.C. § 12131(1) (defining "public entity" as "any State . . . government," and "any department [or] agency . . . of a State . . . government"); but see Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) (individuals cannot be sued directly under the ADA). However, for the reasons previously stated, plaintiff's allegations fail to state a cognizable ADA claim against any defendant premised on his 2014 parole suitability hearing.

Finally, the inclusion of "Doe" defendants is disfavored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). As a general rule, Doe defendants are dismissed without prejudice. Should a plaintiff later identify a Doe defendant in an active case, against whom he is able to allege a cognizable claim, he may seek leave of court to add the named defendant in an amended complaint. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003). These considerations do not apply in the instant case, which fails to allege any potentially cognizable claim.

V. Futility of Amendment

For the foregoing reasons, this court finds that the complaint fails to state a cognizable claim against any defendant. "A district court may deny leave to amend when amendment would be futile." Hartmann v.CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Here, the court finds further that amendment would be futile. Some of the problems with the complaint – such as the failure to specify how each defendant caused the violations of plaintiff's rights – are of a type theoretically amendable to correction by the pleading of additional facts. However, the application of the Heck bar to the first and second causes of action, and the absence of a cognizable due process claim arising from the fabrication of evidence, are defects that cannot be cured. The court is persuaded that plaintiff is unable to allege

any facts, based upon the circumstances he challenges, that would state a cognizable claim arising from the disciplinary charges.

In light of plaintiff's Exhibit C, for the reasons explained above, the court reaches the same conclusion regarding plaintiff's ADA claim. Accordingly, the undersigned will recommend that this claim also be dismissed with prejudice. If counsel for plaintiff, who appeared with plaintiff at the August 2014 parole suitability hearing, believes that facts exist which could cure the ADA claim – specifically, if counsel in light of his obligations under Rule 11, Fed. R. Civ. P., believes that the complaint can be amended to deny the representations in Exhibit C that the record of the parole hearing reflects plaintiff did not request an assistive listening device and indicated that everything would be "just fine" as long as everyone spoke up, and wishes to proffer contrary facts in support of an ADA claim – he may so indicate in objection to these Findings and Recommendations. Any such proffer will be considered on the question whether dismissal of plaintiff's third cause of action should be without leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. The complaint be dismissed without leave to amend; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////
////
////
////

11

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: October 3, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE